IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VERONICA EDWARDS HARRIS,   }<br>                            }<br>     Plaintiff,             }<br>                            }         CIVIL ACTION NO.<br>v.                          }<br>                            }         2:15-cv-2237-WMA<br>UNITED STATES and CLERK OF  }<br>COURT NORTHERN DISTRICT OF  }<br>ALABAMA,                    }<br>                            }<br>     Defendants.            } | |

## MEMORANDUM OPINION

Before the court is the motion of plaintiff Veronica Edwards Harris for leave to proceed *in forma pauperis* (Doc. 2). The said motion will by separate order be granted. The granting of the motion, however, imposes a duty upon the court to review Harris's complaint under 28 U.S.C. § 1915, which requires the court to dismiss the action if it "is frivolous," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Harris's allegations stem from her previous lawsuit filed on September 26, 2014, *Harris v. United States*, Civil Action No. 2:14-cv-1830-LSC (N.D. Ala.), in which she paid the full filing fee. Harris alleged in that case that she was sexually assaulted during a 1999 visit to the VA Hospital in Birmingham and that the United States failed to properly investigate her claims. (Doc. 1 at 9-13).

Her earlier complaint was filed on a *pro se* litigant form provided to her by the clerk, which instructed her to state the facts of her case "as briefly as possible." (Doc. 1 at 10). The magistrate judge, upon motion by the United States and after considering Harris's response, recommended dismissal of the action, primarily upon a finding that the action was untimely under the Federal Tort Claims Act. The district judge, over Harris's objection, dismissed the action. Harris appealed, again paying the full filing fee, and the Eleventh Circuit affirmed the dismissal on October 1, 2015. Harris's petition for rehearing is still pending before the Eleventh Circuit.

Harris initiated this action against the United States and the Clerk of Court of the Northern District of Alabama on December 8, 2015, claiming that the clerk's *pro se* litigant complaint form deprived her of due process, in violation of 42 U.S.C. § 1983, because it instructed her to be brief and therefore prevented her from presenting all of her relevant evidence. Harris contends that defendants' retention of her filing fees is fraudulent, and she demands a refund of the fees plus $100,000 in damages. (Doc. 1 at 3-4).

The court concludes, for several reasons, that the current action is due to be dismissed. First, Harris purports to bring this action under 42 U.S.C. § 1983, but that statute is inapplicable to defendants. Section 1983 only imposes liability for actions taken

under color of state law. Defendants are federal actors, not acting under color of state law, so they "are at least facially exempt from [the] proscriptions [of § 1983]." *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973). Therefore, because defendants are not subject to suit under § 1983, the only basis for a cause of action alluded to by Harris in her complaint, the action is due to be dismissed.

Second, defendants' sovereign immunity forecloses this action. "Under settled principles of sovereign immunity, 'the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)) (internal quotations omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed **in statutory text** . . . ." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (emphasis added). The clerk, as a federal officer, is entitled to the same grant of immunity "if 'the judgment sought would expend itself on the public treasury or domain.'" *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (quoting *Land v. Dollar*, 330 U.S. 731, 738 (1947)). Harris has not demonstrated, and the court cannot locate, an express waiver of sovereign immunity for suits brought under § 1983, particularly because the United States and federal officers are not subject to suit under that

3

statute in the first place. Harris seeks no remedy other than monetary damages. Accordingly, both defendants are immune from suit, requiting that the action be dismissed.

Finally, dismissal is called for because Harris has not alleged any violation of her constitutional right to due process. The "fundamental requirement of due process is 'the opportunity to be heard,'" *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)), but she has in no way been deprived of that opportunity by the clerk's *pro se* litigant complaint form. Harris was not required to use the form, as evidenced by the fact that she used no such form to file this action. And while the complaint form does instruct plaintiffs using it to state the facts of their case "as briefly as possible," this is merely a non-binding admonition since the form also states that additional pages may be attached if necessary. (Doc. 1 at 10). Most fundamentally, Harris was given ample opportunity to set forth her claims and demonstrate entitlement to relief. She was given an opportunity to respond, and actually did respond, to both the motion of the United States for dismissal and the magistrate judge's recommendation of dismissal. Dismissal was ordered, not because she failed to submit sufficient evidence, but primarily because her suit was time-barred under the Federal Tort Claims Act. As shown by the Eleventh Circuit's rejection of her equitable tolling argument, no amount of unpresented evidence would have

prevented dismissal of her action.

Accordingly, Harris's action will be dismissed under 28 U.S.C. § 1915 by separate order.

DONE this 14th day of December, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE